UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MULTISTAR INDUSTRIES, a Washington corporation,<br><br>                  Plaintiff,<br><br>   v.<br><br>GENERAL MOTORS CORPORATION, CADILLAC MOTORS, a division of General Motors Corp., DOES I-X, ABC CORPORATIONS I-V,<br><br>                  Defendants. | NO. 2:19-CV-0182-TOR<br><br>ORDER GRANTING GENERAL MOTORS LLC'S MOTION TO SUBSTITUTE PARTY |

BEFORE THE COURT is General Motors LLC's Motion to Substitute Party (ECF No. 38). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. Plaintiff has not timely responded to the Motion. There being no reason for any further delay, the Court considers the Motion at this time. For the reasons discussed below, General Motors LLC's Motion to Substitute Party (ECF No. 38) is GRANTED.

ORDER GRANTING MOTION TO SUBSTITUTE PARTY ~ 1

## BACKGROUND

This case arises out of Plaintiff Multistar Industries' purchase of a 2016 Cadillac CTS-V from Defendant BMW of Ocala and the vehicle's breakdown shortly thereafter.

Plaintiff filed the original complaint in state court on May 9, 2019. ECF No. 1-1. Plaintiff purported to serve "General Motors AKA General Motors, LLC and Cadillac Motors" on May 16, 2019. ECF No. 35-1 at 2. After the case was removed to federal court, Plaintiff filed the amended complaint on June 20, 2019. ECF No. 13.

In its amended complaint, Plaintiff asserted claims against Gettel Ocala, d/b/a/ BMW of Ocala; Bobby Watts; Darrin Taylor; Love Chevrolet, Inc.; General Motors Corporation; Cadillac Motors, a division of General Motors Corp.; McCurley Integrity Cadillac; Does I-X; and ABC Corporations or LLCs I-V. ECF No. 13. The Court dismissed Plaintiff's claims against Gettel Ocala, Bobby Watts, Darrin Taylor, Love Chevrolet, and McCurley Integrity Cadillac and terminated those defendants from this action. ECF No. 37.

On August 13, 2019, Plaintiff filed proof of service on "General Motors AKA General Motors, LLC and Cadillac Motors" and filed a Notice of Intent to Move for Entry of Default against "General Motors Corporation," "General Motors, LLC," and "Cadillac Motors, a division of General Motors." ECF Nos.

34; 35 at 1. On August 28, 2019, General Motors LLC made a special appearance to move this court to order Plaintiff to amend its complaint to remove defendants "General Motors Corporation" and "Cadillac Motors" and to substitute "General Motors LLC" as a defendant in their place. ECF No. 38 at 1.

## DISCUSSION

A defendant corporation, partnership, or association must be served in accordance with state or federal law. Fed. R. Civ. P. 4(h). A summons and a copy of the complaint must be served on each defendant. Fed. R. Civ. P. 4(b)-(c).

Plaintiff's Notice of Intent to Seek Entry of Default represents that it served "General Motors Corp a/k/a General Motors, LLC" on May 16, 2019. ECF No. 35-1 at 2. However, as General Motors LLC notes, General Motors LLC and General Motors Corporation are two separate and distinct legal entities.

General Motors Corporation was previously registered as a Delaware corporation, but on July 10, 2009, it changed its name to Motors Liquidation Company. ECF No. 38-1 at 6. The amended complaint alleges General Motors Corporation is "a multinational corporation headquartered in Detroit, Michigan" and that Cadillac Motors is a division of General Motors Corporation. ECF No. 13 at 3, ¶ 9. However, there is no legal entity named "General Motors Corporation" or "Cadillac Motors" registered to do business in Michigan. ECF No. 38 at 2-3.

Because these entities do not exist, the Court exercises its power pursuant to Fed. R. Civ. P. 21 to terminate them as defendants in this matter.

By contrast, General Motors LLC is a Delaware LLC with its principal place of business in Michigan. ECF No. 38-1 at 4. General Motors LLC is registered to conduct business in Washington and has a registered agent in Washington. ECF No. 38-1 at 4-5. Plaintiff's affidavit of service indicates the summons and complaint were served at an address that corresponds with the address of General Motors LLC's registered agent in Michigan. *Compare* ECF No. 35-1 at 2 *with* ECF No. 38-1 at 8. However, neither the original nor the amended complaint names General Motors LLC as a defendant. ECF No. 13. Accordingly, Plaintiff has not properly served General Motors LLC.

In its amended complaint, Plaintiff also names as Defendants "Does I-X, and ABC Corporations or LLCs I-V." ECF No. 13 at 1, 3-4. Other than using a pseudonym to name these Defendants, Plaintiff recites no substantive allegations against them. See ECF No. 13. Local Rule 10 provides that the use of "John Doe" pleading is disfavored, citing *Gillespie v. Civiletti*, 692 F.2d 637, 642 (9th Cir. 1980). LCivR 10(a)(3). Moreover, the Local Rule emphasizes that the plaintiff must sufficiently allege the actions of each unknown defendant for which the plaintiff complains. *Id*. Here, there are no facts alleged against these John Doe entities. Accordingly, Plaintiff has not properly named "John Doe" defendants and

they are dismissed, with leave to amend.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. General Motors LLC's Motion to Substitute Party (**ECF No. 38**) is **GRANTED**.

2. If Plaintiff intends to pursue these claims, **within 30 days** of this Order, Plaintiff shall amend its complaint to remove the improperly named defendants "General Motors Corporation" and "Cadillac Motors" and substitute "General Motors LLC" as a defendant and **within 14 days** thereafter shall serve the amended complaint on General Motors LLC.

3. If Plaintiff intends to pursue "John Doe" persons or entities, by the deadlines listed above Plaintiff shall amend its complaint to sufficiently allege the actions of each unknown defendant for which the plaintiff complains.

4. Absent timely amendment, this action will be **dismissed** by the Court.

The District Court Executive is directed to enter this Order, furnish copies to counsel, and **terminate from the docket defendants** General Motors Corporation, Cadillac Motors, Does I-X and ABC Corporations or LLCs I-V.

**DATED** September 19, 2019.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING MOTION TO SUBSTITUTE PARTY ~ 5