# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MULTISTAR INDUSTRIES, a Washington corporation,<br><br>                    Plaintiff,<br><br>     v.<br><br>GENERAL MOTORS LLC, *et al.*,<br><br>                    Defendant. | NO. 2:19-CV-0182-TOR<br><br>ORDER DENYING MOTION TO REMAND |

BEFORE THE COURT is Plaintiff's Motion to Remand to State Court (ECF No. 44). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing and is fully informed. For the reasons discussed below, Plaintiff's Motion to Remand (ECF No. 44) is DENIED.

## BACKGROUND

This case arises out of Plaintiff Multistar Industries' ("Multistar") purchase of a 2016 Cadillac CTS-V and the vehicle's breakdown shortly thereafter. Plaintiff

ORDER DENYING MOTION TO REMAND ~ 1

initially filed this suit against a number of defendants in Adams County Superior Court on March 15, 2019. ECF No. 1-1. On May 24, 2019, Defendants Love Chevrolet, Inc. and Darrin Taylor removed this case to federal court on the basis of diversity jurisdiction. ECF No. 1 at 1-5. On June 20, 2019, Plaintiff filed its First Amended Complaint. ECF No. 13. On August 26, 2019, this Court entered an order dismissing most of the named defendants in the matter for lack of personal jurisdiction. ECF No. 37. On September 19, 2019, this Court entered an order granting Plaintiff leave to amend its complaint to remove and substitute improperly named defendants and to sufficiently allege facts in support of its claims against the "John Doe" defendants. ECF No. 39. On October 21, 2019, Plaintiff filed its Second Amended Complaint. ECF No. 40, *duplicated at* ECF No. 41. Plaintiff once again improperly named "John Doe" defendants without any substantive allegations against them. *See* ECF No. 39 at 4-5. Based on the amount in controversy alleged in the Second Amended Complaint, Plaintiff filed the instant Motion to Remand to State Court. ECF No. 44.

## DISCUSSION

Plaintiff moves to remand this case to state court on the grounds that the amount in controversy requirement for federal diversity jurisdiction is no longer met. ECF No. 44 at 2.

Title 28 United States Code Section 1441 governs removal of cases from state court to federal court. Generally, a defendant may remove a case to federal court if the federal court would have subject matter jurisdiction over one or more of the plaintiff's claims pursuant to 28 U.S.C. §§ 1331 (federal question) or 1332 (diversity of citizenship). *See* 28 U.S.C. § 1441(a), (b). Under diversity jurisdiction, federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between diverse citizens. 28 U.S.C. § 1332(a). The amount in controversy includes the amount of damages in dispute, as well as reasonable attorney's fees, if mandated or allowed by statute or contract. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) ("Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees."). In determining the amount in controversy, the court may consider whether it is "facially apparent" from the complaint that the demand exceeds $75,000. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). "If not, the court may consider facts in

the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.* (quoting *Singer*, 116 F.3d at 377).

"[E]vents occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938). Rather, a district court's removal jurisdiction is determined at the time of removal or commencement of the suit in federal court. *Freeport-McMoRan, Inc. v. K N. Energy, Inc.*, 498 U.S. 426, 428 (1991) ("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events."); *Hill v. Blind Indus. & Servs. of Md.*, 179 F.3d 754, 757 (9th Cir. 1999) ("[D]iversity jurisdiction is determined at the time the action commences, and a federal court is not divested of jurisdiction if … the amount in controversy subsequently drops below the minimum jurisdictional level." (citing *St. Paul Mercury*, 303 U.S. at 293-95)).

At the time of removal to federal court, Plaintiff's initial complaint was the operative complaint. ECF No. 1. In the initial complaint, Plaintiff sought actual damages in the amount of $84,598.00 for the price of the car; $1,172.15 for hotel and airfare expenses; unspecified alternative transportation or replacement

ORDER DENYING MOTION TO REMAND ~ 4

damages; attorney's fees; unspecified out of pocket expenses; and treble damages under the Washington Consumer Protection Act.  ECF No. 1-1 at 16-17, 24.  There is no question that at the time of removal to federal court, the amount in controversy exceeded $75,000.  The Second Amended Complaint seeks actual damages "in the amount of $10,000 (+/-), plus additional losses, costs and attorney's fees," as well as treble damages.  ECF No. 40 at 22-24.  However, this amount is not relevant to the legal inquiry.  *Hill*, 179 F.3d at 757.  Because the amount in controversy requirement was satisfied at the time this case was removed to federal court, this Court properly retains federal diversity jurisdiction despite the amendments to Plaintiff's complaint.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Remand (ECF No. 44) is **DENIED**.

2. The District Court Executive is directed to once again terminate from the docket defendants Does I-X and ABC Corporations and/or LLCs I-V.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** December 17, 2019.



THOMAS O. RICE
Chief United States District Judge